OPINION
PER CURIAM.
Shawn Wright appeals the District Court’s order granting appellees’ motions to dismiss. For the reasons below, we will affirm the District Court’s order.
The procedural history of this case and the details of Wright’s claims are well known to the parties, set forth in the District Court’s thorough opinion, and need not be discussed at length. Briefly, Wright asserted that the Drug Enforcement Agency (DEA) and Agent Evans forced him to work with the Salem County Prosecutor’s Office (SCPO) even after his identity as an informant was exposed and allowed the SCPO to prosecute his drug suppliers in violation of an oral agreement that they would be prosecuted in federal court. Wright argued that he was identified as an informant in newspaper articles and forced to continue working as an informant even after it was clear that the investigations were dangerous. Appellees filed motions to dismiss, and the District Court appointed Wright counsel. After the District Court granted the motions to dismiss, Wright filed a pro se notice of appeal.
Because appellee Spinelli has dismissed his cross-claims, Wright’s notice of appeal has ripened, and we have jurisdiction under 28 U.S.C. § 1291. Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir.1983)(premature notice of appeal becomes effective upon dismissal of outstanding cross-claims). We exercise plenary review over the District Court’s order granting appellees’ motions to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir.1998).
Wright did not give any details on the investigations he was involved in or how he was placed in danger. He does not explain how he was “forced” to continue working as an informant alter his identity *610 was exposed. We note that while represented by counsel at his plea hearing in December 2004 and his sentencing in January 2006, he made no complaints of any such force. Wright presumably continued to cooperate in the hopes of receiving a sizable downward departure. And he did. As a result of his cooperation, Wright was sentenced to six years in prison, far below the guidelines sentence of thirty years to life.
As for any agreement to prosecute his drug suppliers in federal court, no citizen has a right to insist on the initialization of criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Wright does not allege that he was housed in the Salem County jail at the same time as the drug suppliers; he alleged only that he had “strong ties and co-defendants” there.
Wright’s claims concerning the July 2004 and October 2004 newspaper articles are untimely.[1] While Wright argued in the District Court that his claims were brought within the six-year statute of limitations for contract claims, he also argued that he had established a constitutional violation. Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). We have held that New Jersey’s two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to civil rights claims under § 1983. Cito v. Bridgewater Township Police Dep’t, 892 F.2d 23, 25 (3d Cir.1989). Thus, the complaint, filed in August 2007, was untimely with respect to the July and October 2004 articles.
In the article published on August 5, 2005, the author noted that the drug suppliers had been indicted and one had been the supplier for Wright who was awaiting sentencing. The SCPO was named as the source for the fact that the drug suppliers were arrested at the rest stop where they normally met Wright. While the complaint is timely as to the publication of the August 5, 2005 article, the allegations are not sufficient to state a claim.
A state-created danger claim has four elements. First, Wright must show that the harm caused was foreseeable and direct. Next, appellees must have acted with a degree of culpability that shocks the conscience. Wright must have been a foreseeable victim, and, finally, appellees must have affirmatively used their authority to create a danger to Wright. Walter v. Pike County, Pa., 544 F.3d 182, 192 (3d Cir.2008).
Despite Wright’s allegations to the contrary, the August 2005 article did not expose Wright’s location or give specific details concerning his actions as a confidential informant. The author of the article merely identified one of the men arrested as the drug supplier for Wright who was awaiting sentencing in federal court. Wright appears to argue that the drug suppliers did not know his real name; thus, the publication of his name put him in danger. Wright has not alleged any actual harm he has suffered from the disclosure of his identity. He does not allege that he has received any threats from the drug suppliers. Wright has also not made any specific allegations supporting his contention that appellees acted with a degree of culpability that *611 shocks the conscience. He has alleged nothing indicating that the disclosure of his name to the press was anything more than negligent. Moreover, Wright agreed to testify at trial if needed; thus, the potential exposure of his identity was anticipated by the plea agreement.
Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court’s order. See Third Circuit I.O.P. 10.6.

. In the July 2004 article, it is noted that appellee Spinelli received an award for his police work, including dismantling Wright’s drug organization. In an October 7, 2004, article, it was reported that Wright "had provided information to authorities implicating his former associates.”